IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| Forza Pipeline Services, Inc., | § | Case No. 24-70030-smr |
| | § | |
| Debtor. | § | |

## SECTION 1188(C) PRE-STATUS CONFERENEC REPORT

TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUTPCY JUDGE:

COMES NOW, Forza Pipeline Services, Inc., the Debtor in Possession in the referenced Chapter 11 bankruptcy proceeding ("Forza") or "Debtor"), and files this *Section 1188(c) Pre-Status Conference Report* (the "Status Report"), and in support thereof would respectfully show unto the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

### Bankruptcy

2. Debtor filed a Voluntary Petition for relief under Subchapter V of chapter 11 of the United States Bankruptcy Code on March 20, 2024 (the "Petition Date"). Since the Petition Date, Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1106(a) and 1184.

3. On March 22, 2024, Eric Terry was appointed to serve as the Subchapter V Trustee pursuant to *Notice of Appointment of Subchapter V Trustee* filed by the United States Trustee for the Western District of Texas [Docket No. 8].

**Matters Precipitating Case Commencement**

4. Forza was in the business of providing oilfield pipeline installation and pipeline repair services, among other general oilfield services to its customers in and around the Permian Basin. Forza provided its services pursuant to master service agreements ("MSA") in place with medium and large producers and operators, including Continental Resources, Inc. and Conoco Phillips. During a period of reduced cash flows in 2023, one or more of Forza's unpaid subcontractors delivered notices of their intent to file mineral liens to certain counterparties of Forza's MSAs, which ultimately caused these counterparties/customers to immediately cease extending Forza work under their respective service contracts with the Debtor.

5. Further, one of Forza's shareholders refused to vote in favor of any substantial sale of Forza's assets as required under the corporations's bylaws. Under Forza's bylaws, a supermajority of shareholders were required to vote in favor of such a sale, which was essentially blocked by this shareholder without reasonable explanation. Unable to operate or engage in an orderly sale of its assets for the benefit of its creditors, the Debtor had no option other than to commence the instant bankruptcy case.

**Summary of Debtor's Operations**

6. Debtor is an oilfield services company formed as a Texas corporation in December 2017, and is headquartered in a building and yard it owns at 2217 East County Road 155, Midland, Texas. A recent appraisal of this building and yard yielded a market valuation of Forza's real property and improvements in the amount of $1,790,000.00.

7. Debtor currently has on hand oilfield equipment and tools with a value of approximately $876,400.00.

8. First Bank & Trust asserts a first-in-priority lien against Forza's real and personal property in the amount of approximately $604,006.00.

9. TXP Capital, LLC ("TXP Capital") also asserts a lien against the Debtor's real and personal property, to secure a claim for factoring invoices and credit extended to the Debtor in the amount of approximately $744,194.00.

10. Claims of general unsecured creditors of the Debtor total approximately $4,021,874.00.

## Post-Petition Activities

11. Debtor has selected Prosperity Bank as its depository institution and has opened its debtor in possession account with this financial institution.

12. Since commencing the instant bankruptcy case, the Debtor has engaged in discussions with numerous parties interested in purchasing its real and personal property as part of an orderly bankruptcy liquidation of its assets. At the time of filing this report, the Debtor is also seeking to secure the services of a real estate agent to assist it with the sale of its real property. The Debtor anticipates securing value for its property over and above the claims of its secured creditors, which it intends to disburse to its priority and unsecured creditors pursuant to a liquidating Chapter 11 Plan.

## Debtor's Efforts to Formulate a Chapter 11 Plan

13. Consistent with 11 U.S.C. § 1190, the Debtor anticipates filing a chapter 11 plan which proposes payment towards claims of unsecured creditors of the Debtor in an amount of no less than the liquidation value of Debtor's assets of the estate, after paying all secured, administrative and priority claims.

**Debtor's Communications with Creditors Regarding Consensual Plan**

14. Debtor's counsel has initiated communications with FirstBank & Trust and TXP Capital regarding retirement of the company secured debt. It is anticipated, however, that discussions will expand to include other creditors of the Debtor as the Debtor advances toward preparation of a chapter 11 plan.

Dated this the 16th day of April 2024.

Respectfully submitted,

**McWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408
806-762-0214 - Telephone
806-762-8014 -          Facsimile

By: /s/ Todd J. Johnston
         Todd J. Johnston
*Proposed Attorney for Debtor*
*Forza Pipeline Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of April 2024, a copy of the foregoing Report was served via ECF on the parties registered with the Court to receive ECF.

 /s/ Todd J. Johnston
Todd J. Johnston