## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Chapter 11** |
| | § | |
| **Forza Pipeline Services, Inc.,** | § | **Case No. 24-70030-smr** |
| | § | |
| **Debtor.** | § | **EXPEDITED HEARING REQUESTED** |

### DEBTOR'S MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f)

TO THE HONOROABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Forza Pipeline Services, Inc., the Debtor in Possession in the above referenced Chapter 11 bankruptcy proceeding ("**Debtor**"), and files this *Motion for Authority to Sell Personal Property of the Estate Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and 363(f)* (the "**Motion**"), and in support thereof would respectfully show unto the Court as follows:

### Summary of Relief Requested

1. By this Motion, the Debtor seeks authorization to sell its machinery, equipment, tools and a vehicle (the "**Property**"), as well as a 2014 Vermeer T1055 Trencher (the "**Trencher**"), of the estate, free and clear of all liens, claims, interests and encumbrances. The sale of the Property will be by private treaty sale to SM & DP, Inc. ("**Purchaser**") for the sum of $150,000.00. A true and correct copy of the Purchaser's Offer Letter (the "**Offer Letter**") is attached hereto and incorporated herein as Exhibit A. The sale of the Trencher will take place separately through an auction conducted by Superior Energy Auctioneers, LP ("**Superior Auctioneers**") on July 17 – 18, 2024, or on the earliest date thereafter. The sale of the Trencher will be to the highest bidder subject to a reserve price of $100,000, plus the commission and expenses of Superior Auctioneers.

### Jurisdiction

2.    This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

3.    The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105 and 363.

### Bankruptcy

4.    Debtor filed a Voluntary Petition for relief under Subchapter V of chapter 11 of the United States Bankruptcy Code on March 20, 2024 (the "**Petition Date**"). The Debtor has continued to operate as a debtor in possession pursuant to 11 U.S.C. § 1184. Eric Terry was appointed Subchapter V Trustee pursuant to notice filed March 22, 2024.

### Background

5.    Forza was in the business of providing oilfield pipeline installation and pipeline repair services, among other general oilfield services to its customers in and around the Permian Basin. Forza was formed as a Texas corporation in 2017. It was headquartered in a building and yard it owns at 2217 East County Road 155, Midland, Texas, which is located on approximately 6 acres of land in the City of Midland, Texas ("**Corporate Headquarters**"). Forza is currently in the process of marketing its Corporate Headquarters for sale, which it considers its primary asset subject to certain mortgage lien claims.

6.    Liens against the Property (underline the Trencher) are asserted by the following creditors (jointly, the "**Secured Creditors**"):

   a.    First Bank & Trust, a division of HTLF ("**First Bank & Trust**"): Real Estate Note, Deed of Trust and Security Agreement dated January 30, 2020, securing obligations totaling approximately $604,006.84 as of the Petition Date per Proof of Claim No. 11 of First Bank & Trust;

   b.    TXP Capital, LLC ("**TXP Capital**"): Deed of Trust, Security Agreement, UCC - 1 and Assignment of Leases dated October 24, 2023, securing obligations totaling approximately $744,194.17 as of the Petition Date per Proof of Claim No. 20 of TXP Capital;

    c.      TXP Capital: Promissory Note, Deed of Trust, Security Agreement, UCC -1 and Assignment of Leases dated October 24, 2023, securing obligations totaling approximately $26,222.47 as of the Petition Date per Proof of Claim No. 22 of TXP Capital;

    d.      Midland County tax authorities for 2023 and 2024 ad valorem personal property taxes.

    e.      Additional subsequent lien claims are asserted by the Texas Workforce Commission ("**TWC**") and Cedar Advance, LLC ("**Cedar Advance**").

7.      Liens against the Trencher are asserted by the following creditors in the follow order of priority:

    a.      Vermeer Corporation ("**Vermeer Corp.**"), as assignee of the Loan and Security Agreement dated May 26, 2020 of De Lage Landen Financial Services, Inc., securing obligations totaling approximately $256,889.62 as of the Petition Date per Proof of Claim No. 7-2 of Vermeer Corp.;

    b.      First Bank & Trust: Real Estate Note, Deed of Trust and Security Agreement dated January 30, 2020, securing obligations totaling approximately $604,006.84 as of the Petition Date per Proof of Claim No. 11 of First Bank & Trust;

    c.      TXP Capital: Deed of Trust, Security Agreement, UCC - 1 and Assignment of Leases dated October 24, 2023, securing obligations totaling approximately $744,194.17 as of the Petition Date per Proof of Claim No. 20 of TXP Capital;

    d.      TXP Capital: Promissory Note, Deed of Trust, Security Agreement, UCC -1 and Assignment of Leases dated October 24, 2023, securing obligations totaling approximately $26,222.47 as of the Petition Date per Proof of Claim No. 22 of TXP Capital;

    e.      Midland County tax authorities for 2023 and 2024 ad valorem personal property taxes.

f.       Additional subsequent lien claims are asserted by TWC and Cedar Advance.

8.      The Debtor believes there are no other creditors asserting interests in the Property, including the Trencher other than the secured creditors identified above.

### The Proposed Sale of the Property

9.      The Property, including the machinery, equipment, tools and a vehicle of the Debtor, but excluding the Trencher, are located at the Corporate Headquarters.

10.      The Debtor has negotiated the private sale of the Property to Purchaser for the sum of $150,000.00.

11.      Pursuant to Section 363 of the Bankruptcy Code, the Debtor proposes to sell the Property free and clear of all liens, claims, interests, and encumbrances, with all valid liens, claims, interests, and encumbrances following and attaching to the proceeds of sale in the order of priority established under applicable law.

12.      The Property shall be sold without warranty, express or implied, and on an "as is, where is" subject to all defect's basis.

13.      The Debtor seeks authority, at closing of the sale of the Property, to distribute to First Bank & Trust as of the closing date, less a payment of $56,568.37 for the ad valorem property taxes owing to the Midland County Taxing Authorities.

14.      The Debtor has determined that the sale of the Property as proposed herein is in the best interests of the Debtor's estate and its respective creditors.

### The Proposed Sale of the Trencher

15.      The Trencher is located at Vermeer Corp.'s Midland dealership at 6117 East Interstate 20, Midland, Texas, where it was undergoing repairs prior to the Petition Date.

16.      Pursuant to Section 363 of the Bankruptcy Code, the Debtor proposes to sell the Trencher free and clear of all liens, claims, interests, and encumbrances, with all valid liens, claims, interests, and encumbrances following and attaching to the proceeds of sale in the order of priority established under applicable law.

17.     The Property shall be sold without warranty, express or implied, and on an "as is, where is" subject to all defect's basis.

18.     The sale of the Trencher will be through an auction conducted by Superior Auctioneers on July 17th or 18th, or on the earliest date thereafter. The sale of the Trencher will be subject to a reserve price of $100,000, plus the commission and expenses of Superior Auctioneers ("Reserve Price").

19.     To the extent the highest bid for the Trencher does not meet the Reserve Price, then the auction will conclude without a sale and the automatic stay will lift as to Vermeer Corp. to allow this secured creditor to exercise all rights and interests it has to the Trencher under its Loan and Security Agreement.

20.     If the Reserve Price is met, the Debtor seeks authority, at closing of the sale of the Trencher to distribute to Vermeer Corp. the balance it is owed on Proof of Claim No. 7-2, as amended, as well as the commission and expenses owing to Superior Auctioneers. First Bank & Trust will receive the net balance of the proceeds after payment of Vermeer Corp.'s note in full and Superior Auctioneers' commission and expenses.

21.     The Debtor has determined that the sale of the Trencher as proposed herein is in the best interests of the Debtor's estate and its respective creditors.

**Sale Free and Clear**

22.     Under Section 363(f) of the Bankruptcy Code, a debtor may sell property "under subsection (b) and (c) free and clear of any interest in such property of an entity other than the estate." In particular, 11 U.S.C. § 363(f) authorizes a debtor to sell property free and clear if:

(i)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(ii)     such entity consents;

(iii)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(iv)    such interest is in bona fide dispute; or

(v)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

23.     Debtor is unaware of any (i) liens, encumbrances or interests, or (ii) "claims" as defined in Section 101(5) of the Bankruptcy Code that have been asserted against the Property and Trencher other than by Vermeer Corp. (Trencher only), First Bank & Trust, TXP Capital, the ad valorem taxing authorities, TWC and Cedar Advance.

24.     Further, pursuant to Section 363(f) of the Bankruptcy Code, the Debtor requests that the Court authorize the sale of assets, free and clear of all liens, claims, encumbrances and interests (including, but not limited to, the liens which may be claimed by ad valorem tax authorities for the year 2024 and prior years), with any such liens, claims or encumbrances to follow and attach to the proceeds of sale in order of priority as established by applicable law.

25.     The sale of the Property by the Debtor to Purchaser and the sale of the Trecher to the highest bidder at the auction are legal, valid and effective transfers of the property and shall vest the purchasers with all right, title and interest of the Debtor to the same free and clear of all liens and claims pursuant to Section 363(f) of the Bankruptcy Code and constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the states in which Debtor is incorporated and any other applicable non-bankruptcy laws.

26.     Particularly, as to the sale of the Property, Purchaser has acted in good faith within the meaning of Section 363(m) of the Bankruptcy Code, the transactions contemplated by the Letter Offer are undertaken by Purchaser and Debtor at arm's length, without collusion and in good faith within the meaning of Section 363(m) of the Bankruptcy Code, and such parties are entitled to the protections of Section 363(m) of the Bankruptcy Code.

27.     This Court retains exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of the order sought and the Offer Letter as well as the auction of the Trencher, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Property and/or Trencher.

**Applicable Authority**

28.    In the exercise of Debtor's sound business judgment, Debtor has determined it is in the best interest of the Debtor's estate, its creditors and all parties in interest for Debtor to the complete the sales as proposed herein.

29.    The Debtor asserts that the sale of the Property and the Trencher are in the ordinary course of the Debtor's business, however due to the significance of the transaction, in an abundance of caution, the Debtor seeks authorization and approval of the Offer Letter and the sale of the Trencher though the proposed auction pursuant to the Court's equitable powers under § 105 of the Bankruptcy Code and authority to approve non-ordinary course transactions under § 363(b) of the Bankruptcy Code.

30.    Courts look to various factors to determine whether to approve a motion under §363(b) of the Bankruptcy Code such as (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed in good faith; and (d) whether adequate and reasonable notice is provided.

*Sound Business Reasons Exist for the Sale*

31.    Adequate reasons exist to justify the sale of the Property and the Trencher. As discussed above, Debtor has determined the Property sale and Trencher auction will maximize the return to its creditors. Furthermore, given the economic costs of maintaining the Property and Trencher for an uncertain period of time would not be practical or in the best interest of the estate. The proposed sales represent the highest and best use for the Debtor's Property. Under these circumstances, sound business reasons exist that justify the proposed sales herein.

*The Sale Will Ensure Fair and Reasonable Consideration*

32.    Debtor asserts that the Letter Offer reflects the best offer the Debtor has received for the Property and is indicative of the fair market value of the Property. The Debtor further asserts that the proposed sale of the Trencher to the highest bidder is indicative of the fair market value of the Property.

**The Sale Process Has Been Undertaken in Good Faith**

33.     Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or a lease under such authorization to an entity that purchased or leased such property in good faith . . ." 11 U.S.C. §363(m). While the Bankruptcy Code does not define "good faith", the Court *In re Sullivan Central Plaza I, Ltd.* 106 B.R. 934 (Bankr. N.D. Tex. 1998) stated that:

> [t]he type of conduct of a Buyer which would destroy its good faith status under §363(m) involves fraud, collusion between the Buyer and other bidders of the trustee, or an attempt to take grossly unfair advantage of other bidders.

106 B.R. at 938 (citing *Matter of Bleaufontaine, Inc.*, 634 F. 2d 1383, 1388 (5th Cir. 1981)).

34.     Debtor asserts that the Purchaser and the highest bidder at the auction of the Trencher would not be "insiders" of the Debtor within meaning of §101(31) of the Bankruptcy Code and are not controlled by, or acting on behalf of, any insider of the Debtor.  Accordingly, Debtor requests the Court to find that the Purchaser and highest bidder at the auction are "good faith" buyers under Section 363(m) of the Bankruptcy Code.

**Reasonable Notice of the Asset Transaction Is Being Provided**

35.     While the Debtor asserts the proposed sale is in the ordinary course of the Debtor's business, in an abundance of caution, the Debtor will comply with the requirements for sales of property outside the ordinary course of business. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or public auction. Further, pursuant to Bankruptcy Rule 2002(a)(2), this Court may, for cause shown, shorten or direct another method of giving notice regarding the general twenty-one (21) day by mail period for the proposed use, sale, or lease of property of the estate other than in the ordinary course of business. Subject to Bankruptcy Rule 6004, the notice of proposed use, sale, or lease of property required under Bankruptcy Rule 2002(a)(2) must include the time and place of any public sale, the terms of conditions of any private sale, and the time fixed for

filing objections. Moreover, the notice of a proposed use, sale, or lease of property is sufficient if it generally describes the property.

36.     Such notice and procedures set forth herein satisfy those requirements of Bankruptcy Rules 2002 and 6004 and Section 363(b) of the Bankruptcy Code and constitute good and sufficient notice and no other or further notice is required. Accordingly, Debtor submits that this Court should approve such notices as being adequate for all purposes of the proposed sale.

### Waiver of 14-Day Stay

37.     Pursuant to Bankruptcy Rule 6004(h), a sale order is stayed for fourteen (14) days after the entry of the order unless the court orders otherwise. Waiving the 14-day stay provided for in Bankruptcy Rule 6004(h) in connection with the relief sought herein is appropriate.

### Notice Provisions

38.     The Debtor proposes to serve this Motion via first class mail upon (a) all parties entitled to receive notice as of the date hereof pursuant to the Bankruptcy Rules, (b) all parties who the Debtor believes have an interest in acquiring the Property, (c) all entities who have recorded in the public record any lien, interest or encumbrance in or upon the Property, (d) appropriate local and state government authorities, (e) the United States Department of Justice, and (f) the Internal Revenue Service. The Debtor submits that no further notice need be given or service need be made under the circumstances.

39.     The Debtor's proposed form of Order approving this Motion is attached hereto and incorporated herein for all purposes as Exhibit B.

**WHEREFORE, PREMISES CONSIDERED,** Forza Pipeline Services, Inc., Debtor herein, respectfully prays that after appropriate notice and hearing, the Court enter an Order authorizing the Debtor to sell the Property to SM & DP, Inc. and auction the Trencher through Superior Auctioneers both on an "as is" "where is" subject to all defects basis, free and clear of all liens, claims, interests and encumbrances, with any valid liens, claims, interests and encumbrances following and attaching to the proceeds of the sale, on the terms and conditions set forth herein, and for such other relief to which it may be shown justly entitled.

Dated this the 3rd day of July 2024.

Respectfully submitted,

**McWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408
806-762-0214 - Telephone
806-762-8014 - Facsimile

By: /s/ Todd J. Johnston
      Todd J. Johnston
      *Attorney for Debtor*
      *Forza Pipeline Services, Inc.*

## CERTIFICATE OF SERVICE

I, Todd J. Johnston, do hereby certify that a true and correct copy of the foregoing *Motion* was served by either court enabled electronic service or regular first class U. S. Mail upon the following listed parties on this 3rd day of July, 2024:

1.      Eric Terry
        Eric Terry Law, PLLC
        3511 Broadway
        San Antonio, TX 78209
        *Subchapter V Trustee*

2.      Forza Pipeline Services, Inc.
        P.O. Box 1310
        Midland, TX 79702

3.      All parties in interest registered with the
        U. S. Bankruptcy Court to receive electronic
        notices in this case.

4.      All creditors and parties in interest
        listed on the attached mailing matrix.

/s/ Todd J. Johnston
Todd J. Johnston

July 3rd, 2024

To: Forza Pipeline Services, INC.
4840 E University Blvd. Ste. 200
Odessa, TX 79762

From: SM & DP Inc.
908 College Ave.
Levelland, TX 79336

Offer to Purchase Equipment and Items from
Forza Pipeline Services

To Whom it May Concern,

SM & DP Inc. and/or assigns ("SMDP") would like to make the following offer to purchase equipment belonging to Forza Pipeline Services ("Forza") and located at Forza's yard at 2217 E County Rd. 155 Lot #5 in Midland, TX 79706. Please note that this offer supersedes the previous offer that SMDP had made to Forza regarding purchase of a portion of the equipment.

**OFFER: $150,000.00**

Please refer to exhibit A attached below for a list of what is being purchased with this offer. If you have any questions, or have a response to this offer, please reach out to Darin Kauffman via telephone at 806-777-6716 or via email at dkauffman101@yahoo.com. Thank you.

Authorized Agent
SM & DP Inc.
908 College Ave.
Levelland, YX 79336

07/03/2024
Date

**EXHIBIT**

**A**

# Exhibit A

40' Connex
40' Connex
Small Connex
14X24 Office Building
14X28 Office Building
40' Gooseneck Flatbed Trailer
Case Track Hoe 210 2018
Cargo Trailer/Double Axle
Cargo Trailer/Single Axle
Cargo Trialer/Double Axle
Cargo Trailer/Double Axle
Cargo Trailer/Double Axle
Cargo Trailer/Double Axle
Cargo Trailer/Double Axle
4  Small Compressors
Pipe Racks
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
Utility Trailer
1000 Gallon water trailer
500 gallon water trailer
500 gallon water trailer
1000 Gallon water trailer
 Pipe Trailer
Pipe Trailer
Pipe Trailer
Small pipe racks
2018 Kenworth
48 ft flat bed semi trailer
All Miscellaneous Tools and Buckets
Skids
Miscellaneous Scrap Materials